UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda McDonough,<br><br>        Plaintiff,<br><br>   v.<br><br>United States of America,<br><br>        Defendant. | No.  2:14-cv-01252-GEB-CMK<br><br>**ORDER GRANTING DEFENDANT'S DISMISSAL MOTION** |

Defendant seeks dismissal with prejudice of this action, arguing it barred by 28 U.S.C. § 2401(b) of the Federal Tort Claims Act because Plaintiff failed to commence her lawsuit within six-months of the denial of her administrative tort claim, as required by 28 U.S.C. § 2401(b). This statute prescribes: "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Plaintiff's prior complaint was dismissed under this statute but Plaintiff was granted leave to amend in light of the Ninth Circuit's en banc following holding in Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1033, 1047 (9th Cir. 2013) (en banc): "§ 2401(b) is a nonjurisdictional claim-processing rule subject to . . . equitable tolling . . . ."

1

Subsequently, Plaintiff filed the amended complaint involved with the motion sub judice, in which Plaintiff includes the following allegations concerning equitable tolling:

> On or about April 7, 2013, [P]laintiff's counsel received [a] letter from the Department of Health & Human Services denying [P]laintiff's [administrative tort] claim. Plaintiff's counsel interpreted [the FTCA] to allow [Plaintiff] to file an action within two years of the denial of [her administrative tort] claim . . . . Therefore, based on this advice from her legal counsel, [P]laintiff filed this action after six months from the denial letter. [Further, Plaintiff] was unaware of how much time she had to file the lawsuit . . . [and] reasonably relied upon the legal advice of her counsel. As such, [P]laintiff took all reasonable steps on her part to timely file this action. Since [P]laintiff acted diligently, advised her counsel to timely file the action, and relied upon her attorney's advice, she is entitled to equitable tolling of the statute of limitation.

(FAC ¶¶ 5-6.)

Defendant argues "negligence by one's attorney is not enough to entitle a party to equitable tolling," and "all that Plaintiff claims here [is] a simple misreading of the statute of limitations [and] this is insufficient for equitable tolling." (Mot. 2:19-20). Defendant further contends Plaintiff's attorney's mistake about the filing deadline is a "garden variety" error that simply "leads a lawyer to miss a filing deadline, [but it] does not warrant equitable tolling." (Mot. 2:19-20)(citing Wong, 732 F.3d at 1052 (internal quotations omitted).)

Plaintiff rejoins that the Supreme Court's holding in Holland v. Florida, 560 U.S. 631 (2010), supports her equitable

2

1  tolling position, since Holland v. Florida applied equitable
2  tolling in the circumstances involving an "attorney's failure to
3  file a petition on time despite the client's direction that he do
4  so[;] . . . failure to properly research the filing date
5  deadline[;] and . . . failure to inform the client in a timely
6  manner about the status of his case . . . " (Opp'n to Def.'s Mot.
7  3:4-8, ECF No. 27.)
8       "[A] party is entitled to equitable tolling only if
9  [she] shows (1) that [she] has been pursuing [her] rights
10 diligently, and (2) that some extraordinary circumstance stood in
11 [her] way and prevented timely filing." Holland v. Florida, 560
12 U.S. 631, 649 (2010) (internal quotation marks and citations
13 omitted). The Supreme court states in Holland v. Florida: "[A]
14 garden variety claim of excusable neglect, . . . such as a simple
15 miscalculation that leads a lawyer to miss a filing deadline . .
16 . does not warrant equitable tolling." Id. at 651-52 (internal
17 quotation marks and citations omitted). Since Plaintiff's
18 attorney's simple misunderstanding of the filing deadline is what
19 is involved in this action, this mistake has not been shown to
20 constitute an extraordinary circumstance justifying an equitable
21 solution for the untimely filing problem.
22       Therefore, Plaintiff's action is dismissed with
23 prejudice, and judgment shall be entered in favor of the
24 Defendant.
25 Dated: July 15, 2015
26
27
28                                    _____
                                      GARLAND E. BURRELL, JR.
                                      Senior United States District Judge

3